UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 20-10313 |
| JAMES MICHAEL STRITCH, ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |

**OBJECTION TO DEBTOR'S MOTION TO AVOID JUDGMENT LIEN OF NATIONAL FUNDING, INC.**

National Funding, Inc. ("National Funding"), by and through its counsel, Gordon Rees Scully Mansukhani, LLP, hereby files its Objection to Debtor's Motion to Avoid Judgment Lien of National Funding, Inc. (this "Objection") and, in support thereof, states as follows:

**Background**

1. On or about April 14, 2017, James Stritch ("Debtor") executed a personal guarantee for the benefit of National Funding in connection with a commercial loan made to Debtor's company, JSA Mechanical, Inc. ("JSA")

2. Four months later, on August 17, 2017, JSA defaulted on the loan, leaving an outstanding balance of $106,947.40.

3. In accordance with the venue provisions of the loan and related guarantee, National Funding filed suit against JSA and Debtor in California and obtained a judgment on January 17, 2018 in the amount of $114,229.49 ("Judgment")

4. National Funding domesticated the Judgment in the Commonwealth of Pennsylvania on May 7, 2018 by filing an exemplified copy of the Judgment in the Delaware County Court of Common Pleas in the amount of $117,363.02 ("PA Judgment"), which included

1

post judgment interest from the date of the Judgment at the rate of 10% in accordance with California law.

5. Debtor filed the instant case as a Chapter 7 on January 16, 2020 ("Petition Date").

6. Debtor lists the property in his schedules and states, under penalty of perjury, that the value of the property is $415,000.000.

7. Debtor's schedules claim exemption on the property valuing $122,671.00.

8. The Debtor lists 11 U.S.C. § 522(b)(3)(B) as the specific law that allows such exemption.

9. The case was converted to a Chapter 13 on May 13, 2020 ("Conversion Date"). National Funding did not receive notice of the Conversion. [Doc. 50]

10. National Funding filed its claim as secured based on the filing of its judgment lien. Although Debtor has filed a motion to avoid National Funding's judgment lien, if National Funding's lien remains secured, its lien would remain on Debtor's real property regardless of the claim being filed after the bar date.

11. On March 3, 2021, Debtor filed its Motion to Avoid Judgment Lien [Doc. No. 150] (the "Motion").

12. The Motion to Avoid Judgment Lien should be denied as the PA Judgment Lien does not impair the Debtor's exempt property pursuant to 11 U.S.C. §§ 522(f)(1),(2); 522(d)(1),(2),(3),(4),(5); and/or 522(d)(12).

## ARGUMENT

13. Section 522(d)(1),(2),(3),(4),(5) states that "[t]he following property may be exempted under subsection (b)(2) of this section: (1) the debtor's aggregate interest, not to exceed $25,150 in value, in real property, or personal property that the debtor or a dependent of the debtor

2

uses as a residence, in a cooperative that owns property that the debtor or dependent of a debtor uses as a residence, or in a burial plot for the debtor or a dependent of a debtor; (2) the debtor's interest, not to exceed $4,000 in value, in one motor vehicle; (3) the debtor's interest, not to exceed $625 in value in any particular item or $13,400 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for personal, family, or household use of the debtor or a dependent of a debtor; (4) the debtor's aggregate interest, not to exceed $1,700 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of a debtor; and (5) the debtor's aggregate interest in any property, not to exceed in value $1,325 plus up to $12,575 of any unused amount of the exemption provided under paragraph (1) of this subsection. 11 U.S.C. § 522(d). Similarly, § 522(d)(12) provides an exemption for retirement funds.

14. Debtor can only claim $39,050 of exemption on the home valued at $415,000.00.

15. Section 522(f)(1) states that "…the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)."

16. Section 522(f)(2)(A) states that "[f]or the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value of that the debtor's interest in the property would have in the absence of any liens."

17. Here, the only lien used for calculation is the M&T Bank claim in the amount of $285,147.27. (Claim Number 17).

18. In order for Debtor to avoid National Funding's lien, the exemption amount would have to be greater than or equal to Debtor's value in the property subject to liens.

19. The total value of the home is $415,000. Subtracting the exemption ($39,050) and M&T's lien ($285,147.27) from the total value of the home equals $90,802.73

20. Because the exemption amount ($39,050) is not greater than or equal to the value less M&T's lien ($129,852.73), the National Funding's lien cannot be avoided entirely under 11U.S.C. § 522(f).

21. National Funding's lien only partially impairs the exemption. National Funding's lien can only be avoided to the extent of $26,560.29.

## CONCLUSION

For the reasons set forth herein, Debtors Motion to Avoid Judgment Lien of National Funding, Inc. should be denied.

Dated:  March 24, 2021     **GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Jonathan R. Avolio*
**Jonathan R. Avolio** (State Bar No.
javolio@grsm.com
Three Logan Square, 1717 Arch Street, Suite 610
Philadelphia, PA 1910
Telephone: (215) 717-4029

**Megan M. Adeyemo (**TX State Bar No. 24099595)
madeyemo@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053

**ATTORNEYS FOR NATIONAL FUNDING INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the parties set forth in the Electronic Mail Notice List as of the date hereof.

*/s/ Annie Matthews*
Annie Matthews