# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| James Michael Stritch, | : | |
| Debtor. | : | Bankruptcy No. 20-10313-mdc |

## SCHEDULING ORDER GOVERNING PROCEDURES AT EVIDENTIARY HEARING CONDUCTED REMOTELY BY VIDEOCONFERENCE

**AND NOW WHEREAS**, it is necessary and appropriate to conduct an evidentiary hearing (the "Trial") in the above-captioned case on *Debtor's Objection to the Amended Claim of National Funding, Inc. (Claim 18)* (the "Claim Objection")[1] and *Debtor's Motion to Avoid Judgment Lien of National Funding, Inc.* (the "Lien Avoidance Motion").[2]

1. On or before **June 6, 2023 at 5:00 p.m. (ET)**, the Parties shall file a joint pretrial statement for the Claim Objection and the Lien Avoidance Motion consistent with the form set forth in paragraph 3 below and file a copy with Chambers. Each joint pretrial statement shall be signed by all counsel. With respect to each, it is the obligation of the Debtor's counsel to initiate, assemble and submit the proposed pretrial statement. Debtor's counsel shall submit a proposed joint pretrial statement to Respondent's counsel not less than 7 days prior to the deadline for its submission.

    Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the Parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall supersede all pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.

2. The joint pretrial statement for each of the Claim Objection and the Lien Avoidance Motion shall be in the following form:

---

[1] Bankr. Docket No. 281.
[2] Bankr. Docket No. 283.

      A.    <u>Statement of uncontested facts</u>.  A statement of the uncontested facts.

      B.    <u>Statement of facts which are in dispute</u>.  A statement of the facts in dispute.  No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility grounds.

      C.    <u>Legal issues</u>.  For the causes of action being pursued, identify the following: (i) the constitutional, statutory, regulatory, and decisional authorities being relied upon for each cause of action; (ii) the elements which must be satisfied to prevail on each cause of action; and (iii) which party bears the burden of proof on each element.  Also, list any additional legal issues (*e.g.*, affirmative defenses) that will be relevant to the Court's disposition of the matter, the authority pertinent to each legal issue, and the party which bears the burden on the issue.

      D.    <u>Witnesses</u>.  A list of witnesses in the order in which they will be called, along with a brief statement of the evidence the witness will give.  Witnesses shall be classified between those whom any party expected to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

      E.    <u>A list of all exhibits</u>.  A list of all exhibits to be offered into evidence which shall be serially numbered and physically marked before Trial in accordance with the schedule.  Documents which a Party may offer if the need arises shall be separately identified.

      F.    <u>A list of each discovery item and trial deposition</u>.  A list of each discovery item and trial deposition to be offered into evidence. Counsel shall designate by page portion of deposition testimony and by number the interrogatories/request for admissions which shall be offered into evidence.

      G.    <u>Certification</u>.  A certification that the Parties have attempted good faith settlement discussions without success.

3.    Seven (7) or more days prior to the date of the Trial, each Party is required to provide:  (i) a copy of exhibits to the opposing Parties; and (ii) two copies of exhibits to Chambers.

4.    The Court may require each Party to file (and, if not directed by the Court, each

Party may choose to file), five (5) days prior to the date of the Trial, a pretrial memorandum with service on the opposing Party and a courtesy copy delivered to Chambers.

**AND**, the Court having **SCHEDULED** the Trial on the Motions for **June 13, 2023, at 1:00 p.m.** in **Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania**.

**AND**, the Trial shall be conducted remotely by video conference pursuant to Fed. R. Bankr. P. 9017 (incorporating Fed. R. Civ. P. 43(a));

**It is therefore ORDERED** that the Parties shall comply with the following procedures in connection with the Trial:

### Pretrial Disclosure Requirements

1.  **On or before June 6, 2023 at 5:00 p.m. (ET)**, any Party intending to call a witness to testify by video conference (the "Remote Witness") shall file and serve[3] a Remote Witness List setting forth the following:

    a. the name and title of the Remote Witness;
    b. a summary of subject matter of the anticipated testimony;
    c. an e-mail address for the witness;[4]
    d. the location of the Remote Witness (city, state, country);
    e. the place from which the Remote Witness will testify (e.g. home, office – no addresses are required);
    f. whether any other person(s) will be in the room with the Remote Witness during the testimony, and if so, who (name, title and the other person(s)' relationship to the Remote Witness), and the purpose of the other

---

[3] It is contemplated and preferred that all service required by this Order will be accomplished by e-mail. However, other means of service are acceptable so long as the document to be served is received within one (1) business day of service.

[4] The witness' e-mail address provides a means for opposing Parties to communicate with the witness (when that is legally permissible) as well as a means for service of exhibits to be used in connection with the witness' examination by opposing counsel during the Trial.

       person(s)' presence;

    g.    whether the Remote Witness will have access to any documents other than exhibits included on the Exhibit List required by Paragraph 3 below and, if so, a description of those documents and the reason why they have not been included on the Exhibit List.

2.    **On or before June 6, 2023 at 5:00 p.m. (ET)**, any Party intending to offer into evidence in its case in chief or otherwise use at the Trial any exhibits shall:

    a.    pre-mark each exhibit;

    b.    serve each Party who has appeared in the matter(s) being heard at the Trial with a list of each exhibit ("the Exhibit List");

    c.    serve each Party with each pre-marked exhibit on the Exhibit List;[5]

    d.    deliver the Exhibit List and the exhibits to the Court by e-mailing them to the Courtroom Deputy at Eileen_Godfrey@paeb.uscourts.gov.

3.    A Party that wishes to use an exhibit in connection with the examination or cross-examination of a witness shall serve the witness with each such exhibit (with notice to all other Parties) at least 24 hours prior to the Trial.

4.    If a Party anticipates the possibility of offering into evidence or otherwise using exhibits at the Hearing in the Party's case in rebuttal:

    a.    On the same date as set forth in Paragraph 2, the Party shall prepare a Rebuttal Exhibit List and shall e-mail the Rebuttal Exhibit List and all rebuttal exhibits to the Courtroom Deputy.

    b.    The Court will retain, without reviewing, the Rebuttal Exhibit List and the rebuttal exhibits unless and until the Party seeks to use a rebuttal exhibit at the Trial.

    c.    If a Party seeks to use a rebuttal exhibit, the rebuttal exhibit will then be e-mailed to all Parties participating in the Trial and the witness. If appropriate, the Court will take a short recess to allow the other Parties to review the exhibit.[6]

---

[5] If an exhibit is on the docket, counsel may reference the applicable CM/ECF docket number rather than serving the exhibit itself on opposing counsel. However, an exhibit used in connection with the testimony of a witness must be supplied to the witness.

[6] The procedures in Paragraph 3 are included because there are situations in which a Party may

4

5. **FAILURE TO COMPLY STRICTLY WITH THE REQUIREMENTS OF PARAGRAPHS 1-4 MAY RESULT IN THE EXCLUSION OF EVIDENCE OFFERED DURING THE TRIAL**.

### Technological and Logistical Protocols

6. Any attorney or Party or representative of a Party wishing to attend the Trial and participate by video shall notify the Courtroom Deputy at least 72 hours prior to the Trial in order to obtain the access information to the Trial.[7]

7. **ALL AUDIO WILL BE THROUGH THE ZOOM WEBSITE. IT IS STRONGLY PREFERRED THAT ALL PARTICIPANTS EMPLOY THE COMPUTER AUDIO OPTION, RATHER THAN THE TELEPHONIC OPTION AVAILABLE ON THE ZOOM WEBSITE.**

8. Each Party calling a witness is responsible for providing the Zoom link to the witness.

9. To reduce the risk of transmission problems with the video or audio during the Trial, the Parties should, when possible, limit themselves to one (1) participating attorney and it is preferable that those persons who do not anticipate addressing the Court limit themselves to audio participation. The Court reserves the right to limit the attendance of non-litigants and their counsel to receipt of audio.

10. Since Zoom technology permits the participants to set a virtual background when using the video function, all participants are instructed that any virtual background must be

---

legitimately wish to hold back a rebuttal exhibit and use it only if necessary due to the developments during a hearing. If no such concerns exist, nothing in this Order precludes a party from including rebuttal exhibits on the primary Exhibit List and labeling them as such.

dignified and respectful. The background may not contain any messages or background that is political or that may influence the witness or the proceeding or that is otherwise inappropriate. **FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS**.

    11.    **CONSISTENT WITH JUDICIAL CONFERENCE POLICY, NO PERSON MAY RECORD THE VIDEO OR AUDIO OF THE TRIAL. FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

Dated: May 19, 2023

                                                      MAGDELINE D. COLEMAN
                                                    CHIEF U.S. BANKRUPTCY JUDGE

---

[7] An attorney may make the request on behalf of a client or client representative.